Yuri B. Zelinsky (MD Bar #23450)
Stephen L. Cohen (DC Bar # 478601)
Lawrence C. Renbaum (DC Bar #450015)
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549-7553
Telephone: (202) 551-4472 (Cohen)
Facsimile:  (202) 772-9245

Attorneys for Plaintiff
Securities and Exchange Commission

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.  CV 03-2729-MMC |
| Plaintiff, | |
| v. | **FINAL JUDGMENT** |
| TERRY W. DAVIS, | |
| Defendant. | |

**FINAL JUDGMENT AS TO DEFENDANT TERRY W. DAVIS**

The Securities and Exchange Commission having filed a Complaint and Defendant Terry W. Davis ("Davis" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Davis and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security by, directly or indirectly:

    (a)    employing any device, scheme, or artifice to defraud;

    (b)    making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Davis and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, by directly or indirectly:

    (a)    employing any device, scheme, or artifice to defraud;

    (b)    obtaining money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c)  engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Davis and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by, directly or indirectly, knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowing falsifying any book, record, or account made or kept pursuant to Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Davis and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rules 13b2-1 and 13b2-2 under the Exchange Act [17 C.F.R. §§ 240.13b2-1 and 240.13b2-2] by: (1) directly or indirectly falsifying or causing to be falsified any book, record, or account subject to Section 13(b)(2)(A) of the Exchange Act ;or (2) while serving as an officer or director of an issuer, directly or indirectly, making or causing to be made a materially false or misleading statement to an accountant, or omitting to state or causing another person to omit to state, any material fact necessary in order to make the statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant, in connection with any audit, review, or examination of the financial statements of the issuer required to be made pursuant to Section 13 of the Exchange Act, or the preparation or filing of any document or report required to be filed with the Commission pursuant to Section 13 or otherwise.

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Davis and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who

receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13] by knowingly providing substantial assistance to an issuer that fails to file annual and periodic reports in conformity with the Commission's integrated reporting and disclosure regulations, Regulations S-K and S-X, or fails to include in any annual or periodic  report such further material information as may be necessary to make the required statements, in the light of the circumstances under which they were made, not misleading.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Davis is liable for disgorgement of $503,356.27, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $96,643.73 for a total of $600,000.  Davis shall satisfy this obligation as follows: (1) by paying $250,000 within ten (10) business days after the date of entry of this Final Judgment; (2) by paying $100,000 within 180 days after the date of entry of this Final Judgment; and (3) by paying $250,000 within 360 days after the date of entry of this Final Judgment.  All of the foregoing payments shall be made to the Clerk of this Court, together with cover letters identifying Davis as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Davis shall simultaneously transmit photocopies of such payment and letter to Lawrence C. Renbaum, Branch Chief, Division of Enforcement, Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C., 20549-7553, the Commission's counsel in this action.  By making this payment, Davis relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to him.  Davis shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Clerk shall deposit the funds into the interest bearing account with the Court Registry Investment System ("CRIS") that was established pursuant to the order of this Court in SEC v.

McAfee, Inc., C06-009 (PJH) (N.D. Cal. Feb. 9, 2006) . These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in that interest bearing account until further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee not to exceed ten percent of the income earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Davis is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

//
//
//
//

X.

There being no cause for delay, the clerk of the Court is directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment forthwith.

Dated: October 2, 2008

_____
MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE